## A. W. MACKLIN *v.* ZEB WARD.

**Appeal—Evidence—Original Papers Destroyed.**

On an appeal, and the original papers, books, etc., used at the trial below, are shown to have been destroyed by fire, the Appellate Court cannot take judicial cognizance of same, no copies appearing to have been made.

**Same—Bill of Exceptions.**

The bill of exceptions will be treated as if such evidence had been entirely omitted.

APPEAL FROM WOODFORD CIRCUIT COURT.

April 22, 1869.

OPINION OF THE COURT BY JUDGE PETERS:

By granting a rehearing this case stood in this court precisely in the condition that it stood in before any opinion had been delivered, and just as if no opinion had ever been delivered in the case by this court.

It appears in the record now before us that the original books and papers of the prison, kept while the hemp was being delivered by Macklin, and manufactured by Ward, were used as evidence on the trial of the case in the court below to show how the accounts stood between the parties.

It furthermore appears in the record now before the court that said original books and papers had been used on the trial aforesaid, and that an order was made by the consent of the parties to the following effect: That the penitentiary books and papers used in this trial be used in the Court of Appeals without being copied.

These original books and papers as stated in an affidavit by T. N. Linsey, who says he has been counsel for Macklin from the commencement of the suit to the present time, are material to a proper understanding of the case, and are lost, that they were brought up to this court as a part of the record in this case, were in the office of the clerk of this court, and he believes were burned when the clerk's office of the court was burned.

As these books and papers do not seem to be copied, and are not now on file, and consequently a part of the material evidence which was used on the trial of the court below cannot be produced here, this court cannot review that judgment on an incomplete record, and a very material part of the evidence not supplied.

This insuperable difficulty in the way of reviewing that judgment, must be obvious, and consequently must result in an *affirmance* of the judgment of the court below. Judgment *affirmed.*

*Lindsey, for appellant.*

*Ward, Craddock, for appellee.*